Michael DiChiara (MD-2180)
Member
Krakower DiChiara LLC
One Depot Square
77 Market Street, Suite 2
Park Ridge, NJ 07656
(201) -746-0303
Fax: (866) 417-2333

*Attorneys for Plaintiff.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
---------------------------------------------------------x

ROBERT B. BRUSH,

                        Plaintiff,

          -against-

CBRE, Inc.,

                       Defendant.
---------------------------------------------------------x

**COMPLAINT**

Civil Action No. _____

July Trial Demanded

Plaintiff Robert B. Brush, by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Complaint against Defendant CBRE, Inc. ("CBRE") and alleges as follows:

### INTRODUCTION

1.    Plaintiff brings this lawsuit seeking recovery against Defendant for Defendant's violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA") and the New Jersey Wage and Hour Law, *N.J.S.A. 34:11-56a et seq.* ("NJWHL").

### JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §§ 1331 and 29 U.S.C. § 216(b).

3.    This Court has subject matter jurisdiction over Plaintiff's state law claims

pursuant to 28 U.S.C. §§ 1332 and 1367.

4. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391 (b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

**Defendant**

**CBRE**

6. Defendant CRBE is a foreign profit corporation organized under the laws of Delaware and doing business in the State of New Jersey.

7. Defendant CRBE is a wholly-owned subsidiary of CRBE Group, Inc., formerly known as CB Richard Ellis Group Inc.  CRBE Group, Inc. is the world's largest provider of corporate real estate services, employing approximately 37,000 people in more than 300 offices worldwide.  CRBE Group, Inc has offices in more than 60 foreign countries.  CRBE Group, Inc.'s services include property and facilities management, leasing, brokerage, valuation, asset management, financing, and market research.  CRBE Group, Inc. manages about 1.3 billion square feet of commercial space for third-party owners and occupants.

8. CBRE maintains a principal business address at 250 Pehle Avenue, Park 80 West Plaza II, Suite 600, Saddle Brook, New Jersey, 07663, in Bergen County.

9. Defendant CBRE has designated the following agent for service of process:  The Corporation Trust Company, 820 Bear Tavern Road, West Trenton, New Jersey, 08628.

10. Upon information and belief, at all times relevant to this Complaint, Defendant

CBRE's annual gross volume of sales made or business done was not less than $500,000.00.

11. At all times relevant to this Complaint, Defendant CBRE was and is an employer engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. 201 *et. seq.*

12. At all times relevant to this Complaint, Defendant CBRE was and is an employer as that term is defined by NJWHL, N.J.S.A. 34:11-56a1 (g).

**Plaintiff Robert B. Brush**

13. Plaintiff Robert B. Brush is an adult individual who is a resident of Springfield, New Jersey in Union County.

14. Plaintiff was employed by CBRE as a Building Engineer and Senior Building Engineer until December 21, 2012, when Defendant was unlawfully terminated.

## FACTUAL ALLEGATIONS

15. Defendant CBRE committed the following alleged acts knowingly, intentionally and willfully.

**FLSA and NJWHL Overtime Violations**

16. Defendants knew that nonpayment of wages, including nonpayment of overtime wages, would economically injure Plaintiff and violated federal and state laws.

17. At all times relevant to this Complaint, Plaintiff was employed by Defendant CBRE in a non-exempt position.

18. At all times relevant to this Complaint, Plaintiff performed work that was directly essential to the business operated by Defendant CBRE.

19. While employed by Defendants, Plaintiff was routinely required to work in excess of forty (40) hours per week.

20. Although Defendants routinely required Plaintiff to work in excess of forty (40) hours per week, Defendants failed to pay Plaintiff overtime wages as required by the FLSA.

21. Although Defendants routinely required Plaintiff to work in excess of forty (40) hours per week, Defendants failed to pay Plaintiff overtime wages as required by the NJWHL.

22. At all times relevant to this Complaint, Plaintiff performed his duties competently, consistently, reliably, and ably.

23. At all times relevant to this Complaint, Plaintiff's job performance was above satisfactory in all respects.

24. CBRE was pleased with Plaintiff's performance and promoted Plaintiff to Senior Building Engineer a year before Plaintiff was terminated.

25. At all times relevant to this Complaint, CBRE failed to maintain adequate records of the hours worked by CBRE employees, including Plaintiff, in violation of the FLSA and accompanying regulations.

**Retaliation in Violation of the FLSA and NJWHL**

26. At various times during his employment with Defendant, Plaintiff raised complaints concerning his failure to be properly compensated for overtime.

27. At some time in or before December of 2012 CBRE purportedly began conducting surveillance of Plaintiff using what CBRE described as GPS tracking techniques.

28. Plaintiff's whereabouts were known to his supervisors at all times that Plaintiff was working for CBRE.

29. Notwithstanding the fact that Plaintiff's whereabouts were known to his supervisors at all times that Plaintiff was working for CBRE, on December 11, 2012 a CBRE regional operations manager, Rick Margerison, had Plaintiff summoned to a district corporate

office in Springfield, New Jersey where Margerison questioned Plaintiff at length about the location of the van assigned to Plaintiff on specific dates and times.

30. CBRE managers arraigned the December 11, 2012 meeting to surprise Plaintiff and afford Plaintiff no opportunity whatsoever to prepare.

31. Notwithstanding the fact that Plaintiff was afforded no opportunity whatsoever to prepare for the December 11, 2012 meeting, Plaintiff answered each question truthfully and to the best of his ability.

32. At the conclusion of the December 11, 2012 meeting Plaintiff was informed that CBRE was placing Plaintiff on administrative leave while CBRE investigated the answers Plaintiff provided.

33. At the conclusion of the December 11, 2012 meeting Plaintiff was directed to surrender his cell phone, tablet computer, van, keys to the van, and purchasing card.

34. At or around the conclusion of the December 11, 2012 meeting CBRE excluded Plaintiff from accessing any of CBRE's network-based resources, including Plaintiff's CBRE e-mail account and voice-message retrieval system.

35. On or about Friday December 14, 2012 CBRE human resources manager Anne Frederick informed Plaintiff that CBRE's investigation of the answers Plaintiff provided would be resolved quickly.

36. On or about Monday December 17, 2012 CBRE human resources manager Anne Frederick informed Plaintiff that CBRE's investigation had been concluded, that Plaintiff's administrative leave was concluded, and that Plaintiff would be returning to work on Tuesday December 18, 2012.

37. During her Monday December 17, 2012 conversation with Plaintiff CBRE human resources manager Anne Frederick asked Plaintiff to "guesstimate" the number of overtime hours he had worked over the past year since Plaintiff had been promoted to Senior Building Engineer.

38. Plaintiff responded that he would consult an attorney before providing any estimation of the number of overtime hours he had worked.

39. CBRE immediately retaliated against Plaintiff for stating that he would consult with an attorney.

40. CBRE failed to allow Plaintiff to return to work.

41. CBRE renewed its investigation of Plaintiff and substantially increased the scope of that investigation.

42. CBRE used the investigation as a pretext to terminate Plaintiff on December 21, 2012.

## FIRST CAUSE OF ACTION

### (Fair Labor Standards Act – Overtime Wages)

43. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

44. At all times relevant to this action, Defendant was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a) and/or was employed in an enterprise engaged in commerce for the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

45. Plaintiff was not exempt from overtime the Fair Labor Standards Act.

46. At all times relevant to this Complaint, CBRE failed to maintain adequate records of the hours worked by CBRE employees, including Plaintiff, in violation of the FLSA and accompanying regulations.

47. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendant and protect Plaintiff.

48. Throughout the statute of limitations period covered by these claims, Plaintiff worked in excess of forty (40) hours per workweek.

49. Defendant has failed to pay Plaintiff for all hours that Plaintiff worked in excess of forty (40) hours in a work week.

50. At all relevant times, Defendant had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay Plaintiff at one and one half times the regular hourly rate for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though Plaintiffs was entitled to overtime.

51. Section 7(a)(1) of the Fair Labor Standards Act, 29 U.S.C. § 207(a)(1), states that "no employer shall employ any of his employees…for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

52. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255. Defendant was aware or should have been aware that the practices described in this Complaint were unlawful.  Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

53. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

54. Defendant's failure to comply with the FLSA overtime provisions caused Plaintiff to suffer loss of wages and interest thereon.

55. Due to Defendant's FLSA violations, Plaintiff is entitled to recover from Defendants his overtime compensation, an additional, equal amount as liquidated damages for Defendant's willful violations of the FLSA and for their unreasonably delayed payment of wages, together with interest, reasonable attorneys' fees, costs and disbursements in connection with this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

**(Retaliation Under the Fair Labor Standards Act)**

56. Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs.

57. At all times relevant to this Complaint, CBRE failed to maintain adequate records of the hours worked by CBRE employees, including Plaintiff, in violation of the FLSA and accompanying regulations.

58. At various times during his employment with Defendant, Plaintiff raised complaints concerning his failure to be properly compensated for overtime.

59. During his employment with Defendant, Plaintiff indicated that he would consult with an attorney prior to responding to Defendant's request that Plaintiff "guesstimate" the number of overtime hours he had worked.

60. Immediately after Plaintiff indicated that he would consult with an attorney prior to responding to Defendant's request that Plaintiff "guesstimate" the number of overtime hours

he had worked, Defendant retaliated against Plaintiff by reopening its investigation of Plaintiff and summarily terminating Plaintiff. Such retaliatory acts are in direct violation of Plaintiff's rights under 29 U.S.C. § 215(a)(3).

61. Plaintiff engaged in the protected activity of complaining to his employer regarding issues of overtime. A causal link exists between the protected activity and adverse employment action as Defendant knew of Plaintiff's activities and complaints, and Defendant's retaliatory acts were a direct result of such complaints.

62. Plaintiff engaged in the protected activity of seeking the advice of counsel prior to responding to Defendant's request that Plaintiff guesstimate his overtime hours. A causal link exists between the protected activity and adverse employment action as Defendant knew of Plaintiff's activities and complaints, and Defendant's retaliatory acts were a direct result of such complaints.

63. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered irreparable injuries and damages.

64. Plaintiff seeks relief as provided by 29 U.S.C. § 216(b), including, without limitation, backpay for lost wages, commissions, or diminishment, loss of other benefits, and any and all such legal or equitable relief as may be appropriate to effectuate for purposes of Section 215(a)(3), including but not limited to compensatory damages for mental anguish and emotional distress and other injuries incurred as a result of the retaliation.

65. As Defendant's retaliatory actions, including but not limited to the dismissal of Plaintiff, were willful, malicious, and/or with conscious disregard of plaintiff's statutorily protected rights, Plaintiff is entitled to an award of punitive damages.

66. Plaintiff also request damages for such additional relief as justice may require, together with costs, attorney fees, pre-judgment interest, post-judgment interest, and other appropriate relief as the Court may grant in this action.

### THIRD CAUSE OF ACTION

**(New Jersey Wage and Hour Law—Overtime Violations)**

67. Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs.

68. It is unlawful under New Jersey law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

69. Throughout the Period, Defendant willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rates, one and a half times the minimum wages for hours worked in excess of forty (40) hours per workweek.

70. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of earnings, in an amount to be established at trial, prejudgment interest, and costs, and attorneys' fees, pursuant to NJWHL.

### FOURTH CAUSE OF ACTION

**(Retaliation in Violation of the New Jersey Wage and Hour Law)**

71. Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs.

72. At various times during his employment with Defendant, Plaintiff raised complaints concerning his failure to be properly compensated for overtime.

73. During his employment with Defendant, Plaintiff indicated that he would consult with an attorney prior to responding to Defendant's request that Plaintiff "guesstimate" the number of overtime hours he had worked.

74. Immediately after Plaintiff indicated that he would consult with an attorney prior to responding to Defendant's request that Plaintiff "guesstimate" the number of overtime hours he had worked, Defendant retaliated against Plaintiff by reopening its investigation of Plaintiff and summarily terminating Plaintiff. Such retaliatory acts are in direct violation of Plaintiff's rights under the NJWHL, including under N.J.S.A. 34:11-56a24.

75. Plaintiff engaged in the protected activity of complaining to his employer regarding issues of overtime. A causal link exists between the protected activity and adverse employment action as Defendant knew of Plaintiff's activities and complaints, and Defendant's retaliatory acts were a direct result of such complaints.

76. Plaintiff engaged in the protected activity of seeking the advice of counsel prior to responding to Defendant's request that Plaintiff guesstimate his overtime hours. A causal link exists between the protected activity and adverse employment action as Defendant knew of Plaintiff's activities and complaints, and Defendant's retaliatory acts were a direct result of such complaints.

77. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered irreparable injuries and damages.

78. Plaintiff seeks relief as provided by NJWHL, including, without limitation, backpay for lost wages, commissions, or diminishment, loss of other benefits, and any and all such legal or equitable relief as may be appropriate to effectuate for purposes of N.J.S.A. 34:11-

56a24, including but not limited to compensatory damages for mental anguish and emotional distress and other injuries incurred as a result of the retaliation.

79. As Defendant's retaliatory actions, including but not limited to the dismissal of Plaintiff, were willful, malicious, and/or with conscious disregard of plaintiff's statutorily protected rights, Plaintiff is entitled to an award of punitive damages.

80. Plaintiff also request damages for such additional relief as justice may require, together with costs, attorney fees, pre-judgment interest, post-judgment interest, and other appropriate relief as the Court may grant in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

A. On Plaintiff's First Cause of Action for overtime violations of the FLSA, damages in an amount to be determined at trial including unpaid overtime wages and liquidated damages;

B. On Plaintiff's Second Cause of Action for retaliation in violation of the FLSA, damages in an amount to be determined at trial;

C. On Plaintiff's Third Cause of Action for overtime violation of the NJWHL, damages in an amount to be determined at trial;

D. On Plaintiff's Fourth Cause of Action for retaliation in violation of the NJWHL, damages in an amount to be determined at trial;

E. On All Causes of Action:

    f) An award of punitive damages as authorized by law;

    g) An award of costs and expenses of this action together with Plaintiff's reasonable attorneys' fees and expert fees; and;

      h)      Granting such further relief as the Court finds just and proper.

Date:  May 2, 2013                          Respectfully submitted:

                                                    KRAKOWER DICHIARA LLC

                                                    <u>s/ Michael R. DiChiara</u>
                                                    Michael R. DiChiara (MD-2180)
                                                    Attorney for Plaintiff